


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**WHITNEY C. LESTER,**

**Plaintiff,**

v. **CIVIL ACTION NO: 2:12cv421**

**TMG, INC.,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Whitney Lester, originally filed his Complaint in the Circuit Court of the City of Norfolk, Virginia, on July 9, 2012. Defendant TMG, Inc. ("TMG") removed the action to this court on July 30, 2012, pursuant to 28 U.S.C. § 1446. Defendant's Motion to Dismiss is ripe for review, and, for the reasons below, it is **DENIED** and Plaintiff is **GRANTED** leave to amend his Complaint as to Counts II and III.

## I. Factual and Procedural Background

This case arises out of Plaintiff's employment with, and termination by, Defendant. Plaintiff was employed by Defendant in "developing business" from March 2, 2010, through March 23, 2011. Compl. at 1. (ECF No. 1-1.) Plaintiff alleges that he was recruited by Defendant's President and CEO, Jennifer Moore, who represented to Plaintiff that he would receive

specified salary, bonuses, and commissions, which Plaintiff did not receive. Id. at 2. According to Plaintiff, Defendant acted unilaterally, through Jennifer Moore, to discontinue the promised bonus plan and to advise other of Defendant's employees not to apprise Plaintiff of the change. Id. Plaintiff was terminated on March 23, 2011, after allegedly sending an email to Jennifer Moore complaining that Defendant had failed to pay him pursuant to the purported compensation agreement, and also protesting what he perceived to be certain inappropriate administrative practices in submissions to contract customers. Id. at 3-4. Finally, during his tenure with Defendant, Plaintiff also claims to have worked overtime for which he was not properly compensated. Id. at 4-5.

On July 9, 2012, Plaintiff filed his Complaint in the Circuit Court for the City of Norfolk, bringing claims for breach of contract, fraud, wrongful termination, and overtime payment under the Fair Labor Standards Act ("FLSA"). Id. at 5-6. Defendant removed the case to this court on July 30, 2012. Notice of Removal. (ECF No. 1.) Defendant filed the instant Motion to Dismiss and Memorandum in Support on August 6, 2012, and Plaintiff filed his Memorandum in Opposition on August 17, 2012, which also contained a request for leave to amend any deficiency in his Complaint. (ECF Nos. 5, 6, & 9.) Defendant replied on August 22, 2012. (ECF No. 10.)

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) provides, in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not have detailed factual allegations, but Rule 8 "requires more than labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 9(b), however, requires plaintiffs to plead fraud claims with particularity, meaning the time, place, and content of the false representations, the person making them, and what that party obtained from such false representations. See Westinghouse v. Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or

"mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1950. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005). Overall, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

## III. Analysis

Plaintiff has alleged four grounds for relief, each of which Defendant challenges in its Motion to Dismiss; Plaintiff's claims are for breach of contract (Count I), fraud (Count II), wrongful termination (Count III), and overtime payment under the FLSA (Count IV). Compl. at 5-6. (ECF No. 1-1.)

**A. Count I: Breach of Contract**

Plaintiff alleges in his Complaint that representations made by Defendant regarding salary, bonuses, and commissions, along with Plaintiff's assent, amounted to an oral contract that Defendant breached. Compl. at 5. (ECF No. 1-1.) Defendant, in its Motion to Dismiss, argues that Plaintiff did not sufficiently plead that Defendant owed Plaintiff an obligation, that Plaintiff's claim is barred under the at-will employment doctrine, and that any purported contract is barred by the Statute of Frauds. Mem. Supp. Def.'s Mot. Dismiss at 5-8. (ECF No. 6.)

The elements of a valid contract are offer, acceptance, and valuable consideration. See, e.g., Montagna v. Holiday Inns, Inc., 269 S.E.2d 838, 844 (Va. 1980). Under Virginia law, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Sunrise Continuing Care, LLC v. Wright, 671 S.E.2d 132, 136 (Va. 2009) (quoting Filak v. George, 594 S.E.2d 610, 614 (Va. 2004)).

As to Defendant's first argument, that Plaintiff has not established the existence of an obligation owed him by Defendant, Plaintiff's Complaint has alleged enough for the

court to find the Plaintiff's claim plausible at this stage. Plaintiff alleges that he was recruited by TMG, which offered certain salary, bonuses, and commissions to which the Plaintiff agreed when he accepted employment with Defendant. Compl. at 2 & 5. (ECF No. 1-1.) These allegations, if true--as the court must assume at this juncture--may plausibly establish offer, acceptance, and valuable consideration and thus a valid contract giving rise to obligations owed by each party.

Next, the Defendant argues that because Plaintiff was allegedly employed at will, Defendant could unilaterally alter Plaintiff's compensation. Mem. Supp. Def.'s Mot. Dismiss at 7. (ECF No. 6.) Virginia is an at-will employment jurisdiction, meaning that an employee may be terminated at any time, unless a contract exists specifying the period of the employment's intended duration. See Dray v. New Mkt. Poultry Prods., 518 S.E.2d 312, 313 (Va. 1999). Plaintiff has alleged the existence of an oral contract governing compensation, bonuses, and commissions, but not employment duration. Compl. at 2. (ECF No. 1-1.) There is no support for Defendant's position that a party may unilaterally alter the terms of an oral contract related to compensation simply because the employment is at-will. That is, there is no basis on which to find that because Plaintiff could have been terminated at any time, Defendant also had the right to alter Plaintiff's compensation prior to

termination, as Plaintiff alleges, if there was a valid oral contract on that point.

Finally, Defendant argues that because Plaintiff was allegedly an at-will employee, any attempted oral contract would fail under the Statute of Frauds. Mem. Supp. Def.'s Mot. Dismiss at 6. (ECF No. 6.) Quite to the contrary, however, Virginia law establishes that at-will employment contracts are not within the Statute of Frauds. See Jones v. Imaginary Images, Inc., No. 3:12-CV-217, 2012 WL 3257888, at *12 (E.D. Va. Aug. 8, 2012) (Spencer, J.) (citing TradeStaff & Co. v. Nogiec, 77 Va. Cir. 77, 80 (2008)). Specifically, as the court in Tradestaff & Co. held: "[i]n at will employment, there is no requirement that the employer hire, or the employee work, for any length of time. Therefore, the employer could fully perform the contract within a year by hiring and firing [the employee] with or without cause within a year." 77 Va. Cir. at 80 (citation omitted). For that reason, assuming the truth of the facts alleged by Plaintiff, the Statute of Frauds will not bar this claim involving at-will employment.

**B. Count II: Fraud**

Plaintiff alleges two instances of fraud, the first in Defendant's inducing Plaintiff to accept the offer of employment, and the second in failing to disclose that Defendant had unilaterally changed Plaintiff's compensation structure.

Compl. at 6. (ECF No. 1-1.) Actual fraud in Virginia is "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead [sic], and (6) resulting damage to the party misled." Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 628-29 (4th Cir. 1999) (quoting Evaluation Research Corp. v. Alequin, 439 S.E.2d 387, 390 (Va. 1994)). Virginia law also recognizes "fraud where misrepresentations are made without specific fraudulent intent but made with reckless abandon and disregard for the truth." Id. (citing Bradley v. Tolson, 85 S.E. 466, 467 (Va. 1915)).

As Defendant argues, a claim of fraud "cannot ordinarily be predicated on unfulfilled promises or statements as to future events." Yuzefovsky v. St. John's Wood Apartments, 540 S.E.2d 134, 142 (Va. 2001) (quoting Soble v. Herman, 9 S.E.2d 459, 464 (Va. 1940)). However, there is an exception to this rule where the promises "are made with a present intention not to perform them." Patrick v. Summers, 369 S.E.2d 162, 164 (Va. 1988) (quoting Lloyd v. Smith, 142 S.E. 363, 365 (Va. 1928)).

Because Plaintiff has failed to plead his fraud claim with particularity, as required by Rule 9(b), the court only discerns a plausible claim when stretching its powers of inference to the limit. Plaintiff's claim appears to be based on "unfulfilled promises or statements as to future events," Yuzefovsky, 540

S.E.2d at 142, which are ordinarily not a proper basis for a fraud claim. See id. The court strains to glean from the Complaint an assertion that Defendant made such promises to Plaintiff with the present intention not to perform them.[1] Moreover, Plaintiff has failed to plead the time, place, and content of the alleged promises and concealment by Jennifer Moore. In sum, Plaintiff has not asserted factual allegations as to the precise nature of his claim sufficient to put Defendant on notice of the circumstances for which it will have to prepare a defense.

Because the court discerns a partially-formed claim, however, it declines to dismiss Count II, especially given that courts often allow plaintiffs to re-plead in such circumstances. See generally 5A Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 1300 (3d ed. 2012) (citing myriad cases in which courts allowed plaintiffs to correct deficient pleadings). Rather than dismiss Count II, therefore, the court **GRANTS** Plaintiff leave to amend his Complaint within eleven (11) days of the date of this Memorandum Opinion and Order, to allege, on good faith belief or information, the facts necessary to sustain his fraud claim. Failure to so amend will result in the dismissal of Count II.

[1] The more likely inference from the allegations in the Complaint is that at some point over the year between March, 2010, and March, 2011, the relationship "soured."

**C. Count III: Wrongful Termination**

Plaintiff alleges that he was wrongfully discharged for protesting Defendant's failure to pay his promised salary and commissions, and for complaining about Defendant's administrative submission practices. Compl. at 6. (ECF No. 1-1.) As discussed above,[2] Virginia is an at-will employment jurisdiction, meaning that an employee may be terminated at any time. See Dray, 518 S.E.2d at 313. However, an employee may bring a wrongful discharge claim if the "termination violates Virginia's public policy," which is known as the "Bowman exception." Wells v. G.R. Assocs., Inc., CIV. A. 00-1408-A, 2000 WL 33199263, at *2 (E.D. Va. Nov. 22, 2000) (citing Bowman v. State Bank of Keysville, 331 S.E.2d 797, 800-01 (Va. 1985)). Relying on Virginia's Wage and Payment Act, Va. Code Ann. § 40.1-29, courts in Virginia have held that "an individual's right to compensation implicates a property right that falls within the Bowman exception." Altimari v. Beverage Mktg. United States, Inc., No. 2:08cv486, 2008 U.S. Dist. LEXIS 109984, at *23-26 (E.D. Va. Nov. 21, 2008) (Jackson, J.) (quoting Katz v. Enter. Solutions, No. 1:04cv1240, 2005 U.S. Dist. LEXIS 37077, at *17 (E.D. Va. June 21, 2005)).

Simply put, a plaintiff's termination for complaining about unpaid wages may be cognizable under the Bowman exception. See

---

[2] See supra Section III.A.

id. Plaintiff states that he sent an email protesting Defendant's alleged failure to pay his salary and was then terminated on that basis in violation of the policy of the Virginia Payment of Wages Law. Compl. at 3 & 6. (ECF No. 1-1.) Because such allegations--when assumed true--fall under the Bowman exception, they are sufficient for the court to find Plaintiff's claim plausible at this juncture.

As to Plaintiff's claim that he was terminated due to his opposition to Defendant's allegedly improper administrative submission practices, the court concludes otherwise. Specifically, the Plaintiff has failed to plead which Virginia law or public policy was violated by his termination, and the court will not attempt to conjecture as to the Plaintiff's intent. Rather than dismiss Count III, however, the court **GRANTS** Plaintiff leave to amend his Complaint within eleven (11) days of the date of this Memorandum Opinion and Order, to specify, on good faith belief or information, the facts and law necessary to sustain his wrongful discharge claim on this ground. Failure to so amend will result in the dismissal of Count III as to the allegedly improper administrative submission practices.

**D. Count IV: FLSA Overtime Payment Claim**

Plaintiff argues that Defendant failed to compensate him properly for overtime, in violation of the FLSA. Compl. at 4 & 7. (ECF No. 1-1.) Defendant argues that Plaintiff was an outside sales employee, which would exempt him from the FLSA's overtime payment requirement. Mem. Supp. Def.'s Mot. Dismiss at 14-15 (citing 29 U.S.C. § 213(a)(1)). (ECF No. 6.)[3] Defendant argues that Plaintiff does not fall within the exception, which requires an employee to be "customarily and regularly engaged away from the employer's place or places of business" to engage in sales activity. Id.; 29 C.F.R. § 541.500. However, since the employer bears the burden of proving any of the FLSA's narrowly-construed exceptions, determination of such matters is generally not appropriate for a motion to dismiss. See Farrell v. Pike, 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004). The court, therefore, finds that the Plaintiff has pleaded a plausible FLSA

---

[3] Defendant also argues that Plaintiff's claim should be dismissed for failure to cite the specific statutory provisions giving rise to his claim and the specific amount of damages. Mem. Supp. Def.'s Mot. Dismiss at 13-15. (ECF No. 6.) The court finds these arguments to be without merit. First, it is sufficient that Plaintiff has pleaded a violation of the FLSA since there is only one FLSA section under which Plaintiff's claim for overtime payment could arise, i.e., 29 U.S.C. § 207. Second, as to the amount of any damages, the court is persuaded that the relevant records will likely be disclosed to Plaintiff during discovery, at which point the exact amount of damages may be determined.

claim and will not--at this stage--make the factual determination urged by Defendant.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**, and the Plaintiff is **GRANTED** leave to amend his Complaint as to Counts II and III within eleven (11) days of the date of this Memorandum Opinion and Order. The Clerk is **DIRECTED** to forward a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
**Rebecca Beach Smith**
**Chief**
**United States District Judge** RBS

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 13, 2012